*BELMONT COUNTY—NOVEMBER TERM, 1817.*

PRESENT—TAPPAN, *President ;* WILEY, ANDERSON, & BRYSON, *Associates.*

## MORRISON vs. EATON.

A contract under seal, is not void at law, unless the consideration of it is illegal.
If such contract is void, it may be shewn to be so by plea.
If it be voidable merely, the party claiming relief must seek it in equity.

COVENANT.

The declaration was on a covenant, by which, " in consideration of the sum of $2000, to be paid, one thousand dollars in hand, $300 on or before the 1st April 1816, $300 on or before the 1st April 1817, $200 on or before the 1st April 1818, and $200 on or before the 1st April 1819 ; the plaintiff covenanted with the defendant, to sell, grant, and confirm, to him, all that house and lot on which the plaintiff then lived, situate in Morristown, in Belmont county ; and upon the payment of the whole purchase money, the plaintiff covenanted to make to the defendant a complete and lawful deed. And it was further agreed, that the defendant might, on or before the 1st April 1814, enter upon the premises, and from thence take and receive the issues and profits to his own use." The declaration then averred, that the defendant did enter upon the premises, on the 1st April 1814, and from thence had taken the rents and profits to his own use, and then assigned for breach non-payment of $300 on the 1st April 1816.

To this declaration the defendant put in the following plea. And the said John, by J. C. Wright, his attorney, comes and defends the said wrong and injury, when, &c.; and says he ought not to be charged with the said supposed breach of covenant in said declaration mentioned, because, he says, that the said article of agreement, or covenant in writing, in the said declaration mentioned, was obtained from the said John, by the said Duncan (and others in collusion with him) by fraud, covin and misrepresentation, to wit, at the county aforesaid ;

BELMONT.
November 1817

Morrison
v.
Eaton.

wherefore, he, the said John, saith, that the said writing in the said declaration mentioned, was and is void in law, and this" &c.

To which the plaintiff replied, " that the said covenant, in writing, in the declaration mentioned by him, the said Duncan, was not obtained from the said John by him the said Duncan, or by him the said Duncan and by others in collusion with him, by any covin, fraud or misrepresentation whatever."

On which issue was · joined to the country.   The parties were also at issue on the plea of *Non est factum.*

On the trial, HAMMOND, for the plaintiff, proved the execution of the instrument declared on, read it in evidence, and rested the plaintiff's cause.

WRIGHT, for the defendant, then offered evidence to prove:

1st. That at the time of executing the article, and as inducement thereto, the plaintiff, who was a keeper of a public house in Morristown, which was contracted to be sold by the covenant, represented to and told the defendant, that he, the plaintiff, did not intend, and would not thereafter keep a public house in said town, and that he had since kept a public house there.

2d. That the plaintiff at the same time represented to the defendant, that the houses and lots were his (the plaintiff's) property, when, in truth, a part of said house, and a part of the stable, stand upon the public street or highway, and that he had knowledge of that fact at the time of the sale.

3d. That at the time of the sale, the plaintiff, well knowing the house and stable to stand partly on the public ground or highway, and that one of said lots was the property of another person, did not inform the defendant thereof, but wholly suppressed the same.

HAMMOND, objected to the evidence offered.

PRESIDENT.—The plaintiff, Morrison, on the 26th day of March 1814, sold to the defendant certain real estate in Morristown, on which he had for some time kept a public house, and for which the defendant paid one thousand dollars, and covenanted to pay· another one thousand dollars by instalments. According to the terms of the contract, the defendant, on the 1st of April 1814, took possession of the property, and continues in possession, receiving the rents and profits of it.   This action is brought to recover the first instalment of the money, for which a credit was given

—and the defendant pleads, in bar of the action, that the article of agreement was obtained by fraud, and is therefore, void in law—and the question now is, whether the evidence offered by the defendant, is relevant to support the issue on his part.

BELMONT.
November 1817
Morrison
v.
Eaton.

There is no doubt, but that the defendant ought to have stated in his plea, the fraudulent misrepresentations on which he relies to avoid the contract; the question might then have been decided on demurrer. By pleading in this general form, he does not preclude the plaintiff from bringing the matter before the court, by objecting to the evidence; and I consider the question as the same in effect, although it comes up in a different shape from what it should have done.

In 2d Chitty 464, a precedent is given of a plea in bar to debt, on a sealed instrument; and in a note to that precedent, it is said that " Fraud is a defence at law." The authors cited, are 2d T. R. 765, and 3d T. R. 438. The case in 2d T. R. is an action of assumpsit, on a promissory note, and does not support the position, that fraud is a defence at law, to an action brought on a specialty. The fraudulent sale of a pretended patent right, was received as a defence to an action of covenant, for which it was the only consideration, in 3 T. R. 438. This case seems an exception made, on the ground of public policy, to the general rule, and not the rule itself; it does not support the assertion of Chitty, in the broad and general terms which he uses, that " fraud is a defence at law." The general rule is, that a covenant, under seal, may be *voidable* in equity, for fraud or want of consideration. But a contract, under seal, is not *void* at law, unless the consideration of it is *illegal.* It would be sufficient, then, to exclude this evidence, that it does not warrant any such conclusion from it, as that the article of agreement was void at law. But on the reason of the thing merely, I can see no objection against a man's *avoiding* his deed at law, by pleading that it was obtained by fraud, and was without consideration, on the same ground that in an action of assumpsit for the price of a chattel sold and delivered, it is competent for the defendant to avoid his promise, by proving that the sale was fraudulent and without consideration. But this kind of defence could not be received, unless the chattel had been restored; for a man will not *be permitted to keep and use property which he has* purchased, and avoid paying for it by shewing a deceit in the sale. If it should be admitted, then, that the same defence may be made in an action on a specialty, as on a simple contract, it would seem that the defendant has not put himself in a situation to take advantage of it,

Johns, 177.

and what is offered to be proven, does not go in bar of the action in this case; for, as to the 1st point, the promise not to keep a public house in Morristown; it might have been an inducement to the defendant to make the purchase, to enter into this covenant; but the breach of such promise, would not make the covenant either void or voidable—it is an agreement altogether collateral to the contract on which this suit is brought. The breach of such agreement cannot, therefore, bar this action. As to the 2d and 3d points, it may be observed, that the defendant went into possession of the property, under this contract, more than three years ago, and has ever since held and enjoyed it. You cannot take the benefit of a contract, and avoid the obligations of it. If you would rescind on the ground of fraud, you must rescind in toto. If you will have your land and buildings, you must pay for them; as if you buy an horse, you cannot keep and use him, and avoid paying the price agreed for him, by proving a deceit in the sale. Place the opposite party in *statu quo*, before you refuse to fulfil a contract on the ground of fraud, is a dictate of common honesty as well as of law.

The plaintiff has contracted to convey to the defendant, at a future day, certain real estate, he represented it to be his own, or concealed the fact that a part of the property was not his own; and is it a necessary inference from this, that he will not be able to fulfil his con tract? He may have the fee in himself, or he may purchase it. An obligation to convey land, under such circumstances, is not void in law; so that, in whatever way the case presents itself to my mind, it seems that the evidence offered, does not go to support the plea in bar, for it does not warrant the inference that this contract is void in law. Evidence rejected. Verdict and judgment for plaintiff.